## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.  09-cv-01389-WYD-KLM**

DAWN GARCIA,

     Plaintiff

v.

ST. VINCENT GENERAL HOSPITAL DISTRICT,

WILLIAM BRADSHAW,

     Defendants.

---

## PROTECTIVE ORDER

---

In order to protect and preserve the confidentiality of certain information and documents that have been, or may be, produced or otherwise disclosed by the parties during the course of this action, the parties hereby stipulate, and the Court hereby orders:

1.    The term "CONFIDENTIAL INFORMATION" shall mean and include documents, portions of documents, answers to interrogatories, responses to requests for admission, depositions, affidavits, expert reports, legal briefs or memoranda, and information derived therefrom deemed by any party to contain a trade secret, confidential information, proprietary information, information of a sensitive or personal nature, medical information, psychological information, or psychiatric information as specified in paragraph two below, belonging to it, him, or her. In designating information as "CONFIDENTIAL INFORMATION," a

1

party will make such designation only as to that information that the party in good faith believes contains confidential information, proprietary information, a trade secret, or information of a highly sensitive and private nature.

2.   The following categories of information shall constitute "CONFIDENTIAL INFORMATION": the personal information of nonparty employees of St. Vincent General Hospital District ("St. Vincent"), including without limitation personnel files; information related to the research and development of St. Vincent's practices and business strategies or plans related thereto; Defendant Bradshaw's medical, psychological, and financial information; and Plaintiff's medical records. This paragraph shall not be deemed to limit the parties' ability to seek protection of documents not in the foregoing categories.

3.   The term "Documents" shall include all material within the meaning of Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

4.   The term "Trial Counsel" shall mean (i) the attorneys and employees of The Law Office of Paul Maxon, P.C. that are working on this case, for Plaintiff, and (ii) the attorneys and employees of Hall and Evans that are working on this case for Defendant St. Vincent (iii) the attorneys and employees of Fisher and Phillips, LLP that are working on this case for Defendant Bradshaw. If any of the parties seek to substitute any of the Trial Counsel listed in this paragraph with another trial counsel or to add additional Trial Counsel, it shall notify the opposing party of the intended substitution or addition. Prior to disclosure of

"CONFIDENTIAL INFORMATION," the substitute or additional trial counsel shall acknowledge in writing that it is familiar with and agrees to comply with all provisions of this Protective Order.

5. Each party to this litigation may designate any documents, things, interrogatory answers, deposition testimony, or other information which it has provided as "CONFIDENTIAL INFORMATION" in accordance with paragraphs 1, 2, 3, 6, and 7 of this Protective Order.

6. Whenever a deposition taken on behalf of any party involves a disclosure of "CONFIDENTIAL INFORMATION" of any party:

    a. Said deposition or portions thereof shall be designated as containing "CONFIDENTIAL INFORMATION" subject to the provisions of this order at the time the deposition is taken whenever possible; however, any party shall have until thirty (30) days after receipt of the deposition transcript within which to designate in writing to the other party to the action those portions of the transcript designated "CONFIDENTIAL INFORMATION;"

    b. Any party shall have the right to exclude from attendance at said deposition, during such time as the "CONFIDENTIAL INFORMATION" is to be disclosed, every individual not entitled under the Protective Order to receipt of the information, excluding the deponent and the Court Reporter;

    c. The originals of the portion of said deposition transcript that contains "CONFIDENTIAL INFORMATION" shall be designated by the Court Reporter with the applicable legend, and the original shall at the time of

filing with the Court be sealed, identified as being subject to this Order, and not opened except by order of the Court or agreement of the parties.

7.  All information designated as "CONFIDENTIAL INFORMATION" shall not be disclosed to anyone other than the parties, Trial Counsel, and persons retained for this litigation who will or may give expert testimony in the case. All persons other than parties, counsel of record and their respective lawyers and legal staff in the instant action to whom "CONFIDENTIAL INFORMATION" is disclosed shall read this Protective Order in advance of such disclosure and agree in writing to be bound by its terms, as provided in the form attached hereto as Attachment A. "CONFIDENTIAL INFORMATION" shall not be used for any purpose other than as is set forth in Paragraph 17 of this Protective Order unless and until such designation is removed either by agreement of Trial Counsel or by order of the Court.

8.  Plaintiff's "CONFIDENTIAL INFORMATION" shall not be disclosed to any of Defendant St. Vincent's employees who are not regularly involved in management of this litigation, unless such disclosure is **required** for fact development or discovery activities, such as depositions.  Additionally, other than those individuals regularly involved in management of this litigation, no current or former employees of Defendant St. Vincent will be given access to Plaintiff's medical records, or made privy to the content of those records.

9.  With respect to documents designated as including "CONFIDENTIAL INFORMATION," any person indicated on the face of the document to be its

4

originator, author, or recipient may be shown the documents. Additionally, any document designated as including "CONFIDENTIAL INFORMATION" may be shown to any employee of the party that produced it.

10. Any documents produced in discovery, answers to interrogatories, deposition transcripts, or other documents that are filed with the Court for any purpose and that incorporate information that is designated "CONFIDENTIAL INFORMATION" shall be filed under seal.

11. Nothing in this Protective Order, or the taking of any action in accordance with the provisions of this Protective Order, or the failure to object thereto, shall be construed as a waiver or admission of any claim or defense of this action. Moreover, the failure to designate information in accordance with this order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery. This Order shall not in any way limit what the producing party may do with its own information.

12. In the event anyone shall violate or threaten to violate the terms of the Order, the aggrieved party may immediately apply to obtain injunctive relief against any such person violating, or threatening to violate any of the terms of this

5

Order, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

13.  In the event that any party disagrees at any stage of these proceedings with the designation of any information as "CONFIDENTIAL INFORMATION," the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the confidentiality designation shall seek appropriate relief from the Court.

14.  Immediately after entry of final judgment, including appeals, or of dismissal in connection with this action, all documents and things or transcripts of depositions (or portions thereof), together with all copies thereof, comprising "CONFIDENTIAL INFORMATION" shall be destroyed or returned to the respective party by which it was produced within thirty (30) days of the entry of final judgment or dismissal of this litigation.

15.  The termination of proceedings in this action shall not thereafter relieve any person to whom "CONFIDENTIAL INFORMATION" was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order.

16.  The parties may by stipulation provide for exceptions to this Protective Order and any party may seek an order of this Court modifying or interpreting this Protective Order.

17.  Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality or relief from this Protective Order regarding matter designated as containing "CONFIDENTIAL INFORMATION."

18.  "CONFIDENTIAL INFORMATION" subject to this Protective Order shall be used by the party to whom it is produced solely and exclusively for purposes of the above captioned case. All persons to whom "CONFIDENTIAL INFORMATION" is disclosed are hereby enjoined from using said information for any other purpose and are specifically enjoined from using said information for any other cases, proceedings, or disputes or for any commercial, business, competitive or other purpose whatsoever. Further, no person receiving or reviewing "CONFIDENTIAL INFORMATION" shall disclose it or its contents to any person other than as provided in this Protective Order and for the purposes specified. Nothing in this order shall restrain a party's use of its own information designated as "CONFIDENTIAL INFORMATION."

19.  Before any hearing at which a party believes in good faith that the opposing party will or may use any "CONFIDENTIAL INFORMATION," that party may by appropriate motion seek entry of a Court order protecting such

"CONFIDENTIAL INFORMATION" from disclosure, or otherwise limiting or conditioning its use so as to preserve its confidential character.

20.  If any party or other person authorized under this Protective Order to receive information designated as "CONFIDENTIAL INFORMATION" receives a subpoena from a nonparty to this Protective Order seeking production or other disclosure of such information, that party or person shall immediately give written notice to counsel for the party who produced such information identifying the information requested and enclosing a copy of the subpoena.

21.  In the event of any inadvertent disclosure of attorney-client privileged information or information subject to the attorney work product doctrine or any other privilege, the party making such inadvertent disclosure, promptly after learning of such disclosure, shall notify the party to whom the disclosure was made; the party to whom the inadvertent disclosure was made shall then promptly return such material and all copies the party made thereof. Also, in the event any party hereto receives any document from another party that upon its face is subject to the attorney-client privilege, attorney work product doctrine, or any other privilege, that party shall promptly return such document and all copies the party made thereof to the party who produced the document. The parties agree that such inadvertent disclosure shall not constitute waiver of attorney-client or attorney work product privileges.

ORDERED this _2nd_ day of ___September___ 2009.

BY THE COURT:

_Kristen L. Mix_

Kristen L. Mix
United States Magistrate Judge